UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OHIO
WESTERN DIVISION

**JERRON JACKSON,**                      Case No. 1:10 CV 2052

      Petitioner,                        Judge James G. Carr

      v.                                      REPORT AND RECOMMENDATION

**KEITH SMITH,** Warden,

      Respondent.                  Magistrate Judge James R. Knepp II

## Introduction

*Pro se* Petitioner Jerron Jackson, a prisoner in state custody, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. (Doc. 1). Respondent filed a Motion to Dismiss (Doc. 11) with attached exhibits (Doc. 11-1) to which Petitioner has not responded, despite seeking and receiving an extension of time in which to do so (Docs. 12, 13).  This Court has jurisdiction over the Petition under 28 U.S.C. § 2254(a).  This case was referred to the undersigned for a Report and Recommendation pursuant to Local Rule 72.2(b)(2). For the reasons stated below, the undersigned recommends the Petition be dismissed.

## Background

*First State Conviction and Appeal*

On January 16, 2008, a Cuyahoga County Grand Jury indicted Petitioner on four counts: one count of aggravated robbery in violation of Ohio Revised Code § 2911.01(A)(1), with one- and three-year firearm specifications; two counts of kidnapping in violation of Revised Code §§ 2905.01(A)(2) and (A)(3), both with one- and three-year firearm specifications; and one count of

having a weapon while under a disability in violation of Revised Code § 2923.13(A)(3). (Ex. 1, Doc. 11-1). Petitioner, through counsel, pleaded not guilty to all charges. (Ex. 2, Doc. 11-1). On May 13, 2008, the court convicted Petitioner of all charges. (Ex. 3, Doc. 11-1). On May 14, 2008, the court sentenced Petitioner to nine years imprisonment – six years each for counts one, two, and three, and one year for count four (all to be served concurrently), plus three additional years to be served prior to and consecutively. (Ex. 4, Doc. 11-1).

Petitioner filed a notice of appeal on June 10, 2008. (Ex. 5, Doc. 11-1, at 1). Petitioner argued four errors to be decided on appeal. (Ex. 6, Doc. 11-1, at iii). On May 21, 2009, the Eighth District Court of Appeals of Ohio affirmed the trial court's ruling in part and reversed in part. (Ex. 8, Doc. 11-1, at 21). The appellate court nolled count two, (Ex. 8, Doc. 11-1. at 16), which resulted in no change to the sentence. (Ex. 11, Doc. 11-1). The appellate court affirmed on all other grounds. (Ex. 8, Doc. 11-1, at 10, 16, 17, 21).

*Second State Appeal*

Petitioner filed his second notice of appeal *pro se* on June 29, 2009. (Ex. 9, Doc. 11-1). Petitioner framed the question, "when is evidence insufficient to convict of a crime?" within the context of manifest weight of evidence and ineffective assistance of trial counsel errors. (Ex. 9, Doc. 11-1, at 1). The Supreme Court of Ohio denied leave to appeal and dismissed the appeal on October 14, 2009. (Ex. 10, Doc. 11-1).

*Application for Re-Opening*

On July 24, 2009, Petitioner filed a Request for Re-Opening of Appeal. (Ex. 12, Doc. 11-1). Petitioner argued he received ineffective assistance of trial and appellate counsel. (Ex. 12, Doc. 11-1, at 4). His request was denied by the appellate court on April 20, 2010. (Ex. 14, Doc. 11-1).

2

*Habeas Corpus Petition*

Petitioner filed *pro se* the instant Petition for writ of habeas corpus on September 14, 2010. (Doc. 1). His stated grounds for relief are:

1. Ineffective Assistance of Counsel;

2. Sufficiency of the Evidence; and

3. Ineffective Assistance of Appellate Counsel.

(*Id.*, at 3).

*Facts*

The Ohio Eighth District Court of Appeals set forth the facts of this case on direct appeal. These factual findings "shall be presumed to be correct", and Petitioner has "the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. 2254(e)(1); *Warren v. Smith*, 161 F.3d, 358, 360-61 (6th Cir. 1998).  The court of appeals summarized the bench trial as follows:

> [¶ 4]   The state presented Pamela Waite, one of the victims of the crimes, to testify to the events that occurred on December 12, 2007. Ms. Waite testified that she was grocery shopping mid-morning at Dave's Eagle Mart ("Dave's"), located at East 33rd Street and Payne Avenue. While inside the store, she cashed a check for $1,500 and put the money in her left coat pocket. Ms. Waite testified that after she completed her shopping, she walked to her car accompanied by her nephew, James Waite, who worked at Dave's. Ms. Waite testified that when she arrived at her car, she felt a hard object poke her in her side. She testified that a black male, wearing a brown hoodie, was pointing a black and silver gun at her and that he repeatedly demanded that she give him what she had in her left pocket.
>
> [¶ 5]   Ms. Waite testified that she refused to give the man her money and that, although she was frightened, she tried to get into her car. She testified that the man blocked her access to the interior of the car while he tried to grab her money. She also testified that at one point during the confrontation, the man pulled back the slide on the gun and a bullet was discharged. Ms. Waite was ultimately able to enter her car by pushing past the man, at which point she drove into the street and flagged down a passing police car.

3

[¶ 6] Ms. Waite testified that the incident in the Dave's parking lot lasted approximately five minutes and that she stared at the perpetrator's face the entire time. She also testified that the police asked her to make an identification of two different suspects within approximately 20 minutes of the incident. Ms. Waite told the police the person they asked her to identify at the cold stand at Dave's ("first cold stand") was definitely not the perpetrator; she then identified Petitioner from the cold stand the police conducted at 1585 East 33rd Street ("second cold stand").

[¶ 7] James Waite testified that he was with his aunt as she left Dave's on the morning of December 12, 2007. He testified that, while he was placing the grocery bags in the back seat, behind the driver's seat, a black male dressed in a brown hoodie and blue ski cap approached his aunt and held a black and silver gun to her side. James testified that the man demanded Ms. Waite give him her money, but she refused. James testified that he was frozen with fear and could neither run away nor assist his aunt. He also testified that the man instructed him to stay still, and then the man pulled back the slide on the gun and a bullet was discharged. James testified that while his aunt tried to maneuver herself into her car, James pushed the man, and the man left the scene on a green bicycle heading down East 33rd Street.

[¶ 8] James further testified that approximately ten minutes later, the police asked him to view a suspect who was seated in the back of a zone car (the first cold stand). James testified that when he looked through the tinted police car window, he told the police that he was not sure if that person was the perpetrator. James testified that he was then asked to identify a suspect in the second cold stand, at which time he identified Petitioner as the perpetrator with complete certainty.

[¶ 9] Officer Aman Gamble testified that, based on information he received from Pamela Waite about an attempted robbery, he found Petitioner in the backyard at 1585 East 33rd Street. Officer Gamble testified that Petitioner told him someone wearing a brown hoodie had hit him and then jumped over the back fence. At the time Officer Gamble apprehended him, Petitioner was not wearing a brown hoodie. Officer Gamble testified that the police retrieved a loaded handgun lying on the driveway, an abandoned green bicycle near 1585 East 33rd Street, and a brown hoodie from the backyard of the house at 1585 East 33rd Street.

[¶ 10] Officer Gamble testified that he spoke with Robert Mathews, the resident at 1585 East 33rd Street. Mathews told Officer Gamble that he had seen Petitioner wearing the brown hoodie and crouching in the backyard. Mathews stated that the gun had not been on the driveway previously. Officer Gamble was one of the officers who conducted the second cold stand with Petitioner as the suspect, and both Ms. Waite and James identified Petitioner as the perpetrator.

[¶ 11]  Officer Gamble and Detective Dale Moran viewed videotape surveillance from the Dave's store in which they saw Petitioner, wearing a brown hoodie like the one they retrieved, apparently following Ms. Waite through the store. The videotape also showed Petitioner on a bicycle outside the store. A bullet that matched the black and silver handgun the police found was retrieved from the Dave's parking lot.

[¶ 12]  The state did not present any physical evidence linking Petitioner to the crime. No fingerprint analysis was done on the gun, and the only fingerprints the police found on the bicycle did not match Petitioner's.

[¶ 13]  At trial, Ms. Waite, James Waite, Mr. Mathews, and Officer Gamble identified Petitioner as the person they had seen in connection with the alleged crimes.

[¶ 14]  At the close of the state's case, Petitioner moved for an Ohio Criminal Rule 29 dismissal. The trial court denied the motion. Petitioner presented no witnesses.

[¶ 15]  The trial court found Petitioner guilty on all four counts and the firearm specifications. Petitioner was sentenced to six years on the aggravated robbery charge and six years on both kidnapping charges, all to run concurrently, and three years on the merged firearm specifications, to run prior to and consecutive to the six years for the underlying offenses. He was also sentenced to one year for having a weapon under disability, to run concurrently with the underlying sentences in Counts 1 through 3, for a total of nine years in prison.

(Ex. 8, Doc. 11-1, at 1-5); *State v. Jackson,* 2009 Ohio 2388 at ¶¶ 2-15 (Ohio App.).

## Discussion

The Ohio Attorney General filed a motion to dismiss the Petition, arguing the grounds for relief lack factual support. (Doc. 11). The undersigned agrees and recommends dismissing the Petition.

A federal court possesses the power to entertain a writ of habeas corpus on behalf of a person in state custody only if such custody is "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). As such, an application for writ of habeas corpus should be granted with respect to any claim adjudicated on the merits in state court only if those adjudications: (1) resulted in a decision that was contrary to established federal law; or (2) resulted in a decision

that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. 28 U.S.C. § 2254(d).

Although *pro se* filings are held to less stringent standards than formal pleadings drafted by lawyers, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), a discrete set of rules governs federal habeas corpus proceedings brought by state prisoners, *Mayle v. Felix*, 545 U.S. 644, 654 (2005). Habeas corpus pleadings must meet heightened pleading requirements. § 2254 Rule 2(c) of the Rules Governing Habeas Corpus Cases under § 2254 (Habeas Rules); *McFarland v. Scott*, 512 U.S. 849, 856 (1994). Under Federal Civil Rule 8(a), a complaint need only gives fair notice of the claim, as long as the complaint plausibly indicates a claim for relief. *Bell Atlantic v. Twombly*, 550 U.S. 544, 555-56 (2007). However, under Habeas Rule 2(c), the petition must "specify all grounds for relief and *state the facts supporting each and every ground.*" *Mayle*, 545 U.S. at 655 (emphasis added). Notice pleading is not sufficient because the petition should indicate facts pointing to a sincere possibility of a constitutional error. *Blackledge v. Allison,* 431 U.S. 63, 75 n.7 (1977).

Habeas Rule 2(c) states the petition "shall set forth in summary form the facts supporting each of the grounds thus specified". *Adams v. Armontrout,* 897 F.2d 332, 333 (8th Cir. 1990). The habeas corpus rules do not require the federal courts to review the entire state court record of a petitioner to determine whether facts supporting the grounds exist. *Id.* Although courts should be lenient in their interpretation of *pro se* pleadings, the petitioner cannot place the onus of creating a federal claim on the reviewing court. *Burkey v. Deeds,* 825 F. Supp. 190, 193 (D. Nev. 1993).

To comply with Habeas Rule 2(c), a petitioner must give sufficiently detailed facts to enable the court to determine "from the face of the petition alone" whether the petition merits further review. *Adams*, 897 F.2d at 334; *see also McFarland,* 512 U.S. at 856. Failing to provide factual

context in support of legal conclusions warrants dismissal of the petition. *Smith v. Haskins,* 421 F.2d 1297, 1298 (6th Cir. 1970); *Gray v. Wingo*, 391 F.2d 268 (6th Cir. 1967). In *Smith*, the petition contained legal conclusions without any supporting facts, such as "the trial judge committed prejudicial error" and "petitioner was denied the right to counsel at a police line-up". 421 F.2d at 1298. The court held the petition insufficient because the grounds stated did not provide any factual or circumstantial evidence to support its conclusions. *Id.*

In this case, the Petition resembles the petition in *Smith* and but provides even less factual support. The *Smith* petition provided some circumstantial statements to its claims. *Id.* ("at a police line-up"). Petitioner merely provides one-phrase general legal grounds without providing any supporting facts or evidence. (Doc. 1, at 3). The Petition is also similar to the petition in *Davis v. Bobby*, 2008 WL 339457 (N.D. Ohio 2008), in which the petitioner stated only one ground for relief ("the state of Ohio violated the plea bargaining agreement with petitioner") and provided no supporting facts for his claim. 2008 WL 339457, at *1 (*Davis* permitted the petitioner to amend the petition – here, Petitioner had ample opportunity to respond to the Motion to Dismiss by amending his Petition or filing an opposition and failed to do so.). The *Davis* petition failed to identify specific constitutional violations and omitted any supporting facts and the court found it insufficient. *Id.* The Petition here mirrors that of *Davis* and is likewise insufficient.

The question of whether Petitioner exhausted all state claims on the sufficiency of the evidence issue need not be reached because the Petition on its face is insufficient.

## Conclusion and Recommendation

The Petition fails because it fails to provide any facts indicating it presents a serious constitutional violation, and therefore does not comply with Habeas Rule 2(c). The undersigned

7

recommends Respondent's Motion (Doc. 11) be granted and the Petition be dismissed. Petitioner's Motion for an Evidentiary Hearing (Doc. 3) is denied as moot and unnecessary.

s/James R. Knepp II<br>United States Magistrate Judge

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen days of service of this notice. Failure to file objections within the specified time WAIVES the right to appeal the Magistrate Judge's recommendation. *See U.S. v. Walters*, 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140 (1985).